___ FILED    ___ LODGED
___ RECEIVED   ___ COPY

MAY 23 2008

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1
2
3
4
5

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 07-871-PHX-ROS |
|      Plaintiff, | ) | **FINAL JURY INSTRUCTIONS** |
| vs. | ) | |
| Hanoi Barbaro Acosta, | ) | |
|      Defendant. | ) | |

1   Members of the jury, now that you have heard all the evidence, it is my duty to instruct
2   you on the law which applies to this case. A copy of these instructions will be available in the
3   jury room for you to consult.

4   It is your duty to find the facts from all the evidence in the case. To those facts you will
5   apply the law as I give it to you. You must follow the law as I give it to you whether you agree
6   with it or not. And you must not be influenced by any personal likes or dislikes, opinions,
7   prejudices, or sympathy. That means that you must decide the case solely on the evidence before
8   you. You will recall that you took an oath promising to do so at the beginning of the case.

9   In following my instructions, you must follow all of them and not single out some and
10  ignore others; they are all equally important. You must not read into these instructions or into
11  anything the court may have said or done any suggestion as to what verdict you should
12  return—that is a matter entirely up to you.

1    The indictment is not evidence. The defendant has pleaded not guilty to the charge. The
2    defendant is presumed to be innocent and does not have to testify or present any evidence to
3    prove innocence. The government has the burden of proving every element of the charge
4    beyond a reasonable doubt.

The evidence from which you are to decide what the facts are consists of:

    (1) the sworn testimony of any witness; and

    (2) the exhibits which have been received into evidence.

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1    Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such
2    as testimony by a witness about what that witness personally saw or heard or did.
3    Circumstantial evidence is proof of one or more facts from which you could find another fact.
4    You should consider both kinds of evidence. The law makes no distinction between the weight
5    to be given to either direct or circumstantial evidence. It is for you to decide how much weight
6    to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

1    Some of you have taken notes during the trial. Whether or not you took notes, you should
2  rely on your own memory of what was said. Notes are only to assist your memory. You should
3  not be overly influenced by the notes.

1      The defendant is charged in Count 2 of the Indictment with transporting a minor with
2  intent that she engage in prostitution in violation of Section 2423 of Title 18 of the United States
3  Code.  In order for the defendant to be found guilty of that charge, the government must prove
4  each of the following elements beyond a reasonable doubt:

5      First, the defendant transported F.B. from Inglewood, California, to Mesa, Arizona;

6      Second, the defendant did so with the intent that F.B. engage in prostitution; and

7      Third, F.B. was under the age of eighteen years at the time.

8      In order to find the defendant guilty, you must find that a dominant purpose of the trip
9  was that the victim engage in prostitution.  You need not find that it was the sole purpose of the
10  interstate travel.

11      It is not a defense to the crime of transporting a minor for purposes of prostitution that
12  the defendant was ignorant of the child's age.

1    The defendant is charged in Count 1 of the Indictment with sex trafficking of a minor in
2    violation of Section 1591(a) of Title 18 of the United States Code.  In order for the defendant
3    to be found guilty of that charge, the government must prove each of the following elements
4    beyond a reasonable doubt:

5    First, the defendant recruited, enticed, harbored, transported, provided, or obtained by any
6    means F.B.;

7    Second, the defendant did so knowing that F.B. had not attained the age of eighteen years
8    and that she would be caused to engage in a commercial sex act; and

9    Third, such conduct was done in or affecting interstate commerce.

1    The  Indictment charges that the offenses were committed "on or about" certain dates.

2    Although it is necessary for the United States to prove beyond a reasonable doubt that the

3    offenses were committed on dates reasonably near the dates alleged in the Indictment, it is not

4    necessary for the United States to prove that the offenses were committed precisely on the dates

5    charged.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

1    Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the
2  defendant is guilty. It is not required that the government prove guilt beyond all possible
3  doubt.

4    A reasonable doubt is a doubt based upon reason and common sense and is not based
5  purely on speculation. It may arise from a careful and impartial consideration of all the
6  evidence, or from lack of evidence.

7    If after a careful and impartial consideration of all the evidence, you are not convinced
8  beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not
9  guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you
10  are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find
11  the defendant guilty.

1    A defendant in a criminal case has a constitutional right not to testify. No

2  presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact

3  that the defendant did not testify.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment.

1    A separate crime is charged against the defendant in each count. You must decide each

2  count separately. Your verdict on one count should not control your verdict on any other

3  count.

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crimes of Child Sex Trafficking or Interstate Transportation of a Minor for Prostitution, unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

You have heard evidence of the character for truthfulness of F.B., a witness.  You may consider this evidence along with other evidence in deciding whether or not to believe that witness's testimony and how much weight to give to it.

1    You have heard testimony from Amanda Garrett and F.B., witnesses who received
2  immunity.  That testimony was given in exchange for a promise by the government that the
3  testimony will not be used in any case against the witness.

4    You have heard testimony from Philysia Roquez and Amanda Garrett, witnesses who
5  admitted being an accomplice to the crime charged.  An accomplice is one who voluntarily and
6  intentionally joins with another person in committing a crime.

7    For these reasons, in evaluating their testimony, you should consider the extent to which
8  or whether their testimony may have been influenced by any of these factors.  In addition, you
9  should examine their testimony with greater caution than that of other witnesses.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In any criminal case, the government must prove beyond a reasonable doubt that the defendant was the perpetrator of the crimes alleged.

You have heard testimony of eyewitness identification. In deciding how much weight to give to the testimony, you may take into account the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also take into account:

1. The capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation;

2. Whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

3. Any inconsistent identifications made by the eyewitness;

4. Whether the witness had known or observed the offender at earlier times; and

5. The totality of circumstances surrounding the eyewitness's identification.

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

1   When you begin your deliberations, you should elect one member of the jury as your

2   foreperson. That person will preside over the deliberations and speak for you here in court.

3   You will then discuss the case with your fellow jurors to reach agreement if you can

4   do so. Your verdict, whether guilty or not guilty, must be unanimous.

5   Each of you must decide the case for yourself, but you should do so only after you

6   have considered all the evidence, discussed it fully with the other jurors, and listened to

7   the views of your fellow jurors.

8   Do not be afraid to change your opinion if the discussion persuades you that you

9   should. But do not come to a decision simply because other jurors think it is right.

10

11   It is important that you attempt to reach a unanimous verdict but, of course, only if

12   each of you can do so after having made your own conscientious decision. Do not change

13   an honest belief about the weight and effect of the evidence simply to reach a verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.